UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARDIAN DEDUSHAJ,
          Petitioner,

     -against-                                       07-CV-5401(JGK)

HAROLD C. GRAHAM, Superintendent,
Auburn Correctional Facility,
          Respondent.
------------------------------------------------------------X

PETITIONER'S REPLY MEMORANDUM OF LAW

ARGUMENT

<u>POINT.</u>  THE PETITION FOR A WRIT OF HABEAS CORPUS WAS TIMELY FILED.

Respondent claims that the petition should be dismissed because it was not timely filed pursuant to the Antiterrorism and Effective Death Penalty Act (hereafter, "AEDPA") enacted in 1996, and affecting state convictions after April 24, 1996. See 28 U.S.C.§2244(d)(1).  This procedural argument focuses entirely on Respondent's contention that Petitioner's conviction became final on September 13, 2004, thirty days after the judgment, thus mandating that a habeas petition be filed on or before September 13, 2005.[1]  Respondent's claim then attempts to exclude the motion to vacate judgment, filed pursuant to C.P.L.§440.10, from consideration in the timeliness calculus (Respondent's Brief, p. 11-12).  First, as discussed hereafter, the rules of the state appellate court provided a time line in which the petition was timely filed.  Second, although the filing of such a collateral motion does not automatically

---

[1]Tacitly, Respondent contends that no notice of appeal was filed, and the dates submitted follow.  In fact, notice of appeal was duly filed on September 2, 2004, and is annexed hereto as Exhibit A.  Upon information and belief, the appeal has not been taken off the appellate court's calendar (Supreme Court of the State of New York, Appellate Division-First Department).

"reset the date from which the one year statute of limitations begins to run,"[2] Respondent's analysis foregoes examination of the qualifying portion of the statute, as discussed more fully hereafter, and the claim of procedural default therefore fails for this additional reason.

## Discussion

The Anti-terrorism and Effective Death Penalty Act (hereafter, the "AEDPA"), codified at 28 U.S.C.§2244(d), provides, in pertinent part, that

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expirationof the time for seeking such review, or ...(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

"And, [t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.§2244 (d)(2).

---

[2] See Smith v. McGinnis, 208 F.3d 13,17 (2nd Cir. 2000), cited by respondent.

**1. The habeas petition was filed within the one-year time limitation.**

A.  With Petitioner's timely filing of a notice of appeal, and, the decision to forego direct appeal pending resolution of what was felt to be the more viable claim of ineffective counsel via collateral review in the state trial court notwithstanding, the rules of the appellate court, as applied to this case, indicate that the time for direct review has not concluded, and that the petition is, accordingly, timely filed.

"In the event the appellant ... fails to prosecute the appeal ... within the time prescribed [3] ... or fails to restore an appeal ... to the calendar within 60 days after it has been marked off the calendar, any other party to the appeal may move to dismiss the appeal for lack of prosecution on eight days' notice.  The moving papers on such an application must include a copy of the notice of appeal".  McKinney's Rules of Court, 2004 Ed., Appellate Division-First Department, Rule 600.12(b).  As appears from the appended exhibits to this submission, notice of appeal was timely filed on September 2, 2004, and no notice has been received that the case has been marked off calendar, or deemed dismissed.  It is respectfully submitted that the direct review process has not ended, and that salient fact renders the petition timely filed.

Petitioner is aware of the decision in <u>Bethea v. Girdich</u>, 293 F.3d 577 (2nd Cir.

---

[3] Rules of Appellate Procedure, Appellate Division-First Department, McKinney's Rules of Court, 2004 Ed., Rule 600.8(b).

2002), then one of first impression, holding that the "filing of a motion to extend the time to appeal or to file a late notice of appeal does not 'restart' the AEDPA limitation period." Id. at 579.  It would certainly seem that a motion to restore an appeal fits within the genre of circumstances noted in Bethea.  With an understanding that this Court is bound by Circuit precedent, this argument is respectfully presented in order to preserve it for future presentation should there be an appeal from this Court.

As the Bethea Court notes, the goal of AEDPA is to "prevent undue delays in federal habeas review", id., and the concern for undue delay appears to be the rationale for the decision.  Delayed petitions do not, however, suffer defeat in every instance.  The AEDPA limitation has a provision that permits delayed petitions so long as the factual predicate for a petition is accomplished with due diligence.  28 U.S.C.§2244 (d)(1)(D); see e.g., Wilson v. Beard, 426 F.3d 653 (3rd Cir. 2005)(Factual predicate found with due diligence years after it was "available" and the petition was timely filed).

It is Petitioner's claim that the rule, simply put, should be that the state process does not end until the state, by its rules of procedure, deems it to be so, and that process, and those governing rules, should receive due deference from the federal courts.  See Wainwright v. Goode, 464 U.S. 78, 84 (1983)("[T]he view of the State's highest court with respect to state law [here, concerning the dismissal of an appeal] are

binding on ... federal courts"); Brown v. Ohio, 432 U.S. 161, 167 (1977)(State courts have final authority to interpret that state's legislation); Harris v. Reed, 489 U.S. 255 (1989)(Procedural bar to habeas relief generally applicable where state court decision contains a plain statement that it is relying, at least in part, on the state procedural rule).[4]

    B. Alternatively, and again utilizing state rules of appellate procedure, the petition was filed within the one year AEDPA time limitation.  Rule 600.8(b) provides that, "[a]ppeals in criminal cases ... must be brought on for argument within 120 days after the last day in which a notice of appeal was required to be filed."  McKinney's Rules of Court, 2004 Ed., Appellate Division-First Department, Rule 600.8 (b).

    The AEDPA time limitation provides, as pertinent here, that the time runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";  28 U.S.C.§2244(d), see Williams v. Artuz, 237 F.3d 147, 151 (2nd Cir. 2001).  The time frame for filing a federal habeas petition is thus bookended , by dint of the controlling statute, by the end of the time period by which a petitioner could have sought review by writ of certiorari to the

---

[4] Bowles v. Russell, – U.S. –, 127 S. Ct. 2360 (2007) is not to the contrary.  There, the time for filing an appeal pursuant to the federal rules of appellate procedure was extended by the District Court.  The time period was statutory and was mandatory, and therefore jurisdictional.  Thus the District Court could not authorize the extension.  State rules were not implicated, nor was state authority over its processes.  The underlying theme of the decision appears as much the exercise of a supervisory power as the classification of a jurisdiction power.

United States Supreme Court and the filing date of the petition.

With the foregoing as reference, the petition was filed within 18 days of the AEDPA deadline. The last day for filing the notice of appeal was September 13, 2004. The 120 day term for perfecting the appeal ended on January 11, 2005. The motion to vacate judgment pursuant to C.P.L.§440.10 was filed on December 13, 2005, after a period of 336 days. Adding to this calculus the ninety-day period for the recognized end of direct review, Petitioner had 119 days to file his habeas petition. The state collateral proceedings extended from December 13, 2005 to February 26, 2007, during which time the limitation statute was tolled. Petitioner then still had 119 days in which to file. The habeas petition was filed on June 7, 2007, a period of 101 days. Accordingly, the petition was timely filed if the 120 day rule of perfecting an appeal is to control.

**2. The determination of the factual predicate in the state proceeding.**

In the case at bar, review of the material initially available to habeas counsel initially uncovered no non-frivolous federal constitutional claims arising out of direct review following the judgment. Upon further consideration, trial counsel's summation seemed to be an issue that might be presented on direct review. However, it seemed the more prudent course to present the more viable claim of ineffective

counsel that required a motion pursuant to C.P.L.§440.10 in order to expand the record and thus accommodate that claim.

The determining procedural factor when considering the timeliness of a state collateral motion, as viewed through the AEDPA lens, is not when the factual predicate first exists, or even was somehow "available" to the petitioner, but, rather, when, with the exercise of due diligence, habeas counsel uncovered that evidence.[5] In the case at bar, it is respectfully submitted that present counsel diligently pursued the various lines of inquiry to ascertain the viability and existence of the issue presented that would avail Petitioner.

In this regard, in the particular circumstances of this case, the "factual predicate" encompassed all the material, the affidavits of witnesses and the argument necessary to place those details in proper context, presented to the state trial court by the motion to vacate judgment. Accordingly, it is respectfully urged that it is with that filing event that the AEDPA tolling period should be deemed to have begun. See e.g., Dulworth v. Evans, 442 F.3d 1265 (10th Cir. 2006)(On question of due diligence for discovery of factual predicate, the AEDPA time limitation clock starts when the decision following an administrative hearing becomes final).

In the case at bar, the motion to vacate judgment was filed on December 13,

---

[5] Petitioner retained present counsel on August 9, 2004, before his time to file a federal habeas petition had begun to run. It was therefore incumbent on counsel, and to petitioner, to "discover" with "due diligence" the predicate factor(s) for his submissions in state court.

2005, and, following an adverse decision in the motion court, and Petitioner's application for leave to appeal pursuant to C.P.L.§460.15, the Appellate Division-First Department denied leave to appeal to that court on February 26, 2007. The federal habeas petition was filed on June 7, 2007. The elapsed, un-tolled time between what Petitioner now claims is the discovery of the factual predicate, the full expansion of the record for review of that claim and the concomitant filing of the petition is therefore 100 days, well within the AEDPA time limitation. Accordingly, for the reasons advanced herein, the petition should be deemed as timely filed, and considered on its merits.

        Respectfully submitted,

_____
Stanley L. Cohen (SLC8498)
Attorney for Petitioner
119 Avenue D
New York, New York 10009
(212) 979-7572

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

——————————————————————X

ARDIN DEDUSHAJ,
               Petitioner,

  -against-

THE PEOPLE OF THE STATE OF NEW YORK

               Respondent
——————————————————————X

**NOTICE OF APPEAL**

Ind. # 3691/03

RECEIVED
MOTIONS UNIT
2004 SEP -2 P 4:10
DISTRICT ATTORNEY
NEW YORK COUNTY

RECEIVED
SEP 17 2004
APPELLATE DIVISION, SUPREME COURT, FIRST DEPARTMENT

SIRS:

    PLEASE TAKE NOTICE, that pursuant to C.P.L. § 460.10 the above named petitioner appeals to the Appellate Division of the Supreme Court of the State of New York for the First Judicial Department from his conviction of Assault in the First Degree by jury and sentencing him to five years on August 13, 2004 by the Honorable Judge Grella.

Dated: New York, New York
       September 2, 2004

                                        YOURS, etc.

                                        STANLEY COHEN ESQ.
                                        Attorney at law
                                        119 Avenue D
                                        New York, NY 10009
                                        (917) 544-5471
                                        By: Robert W. Jones, Esq.

EXHIBIT A